IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| URBAN FINANCIAL OF AMERICA, LLC<br><br>Plaintiff<br><br>vs<br><br>MINERVA UMPIERRE-VAZQUEZ, a/k/a Minerva U. de Hernández; JORGE FRANCISCO HERNANDEZ-RODRIGUEZ, a/k/a Jorge F. Hernández-Rodríguez, a/k/a Jorge F. Hernández; CONJUGAL PARTNERSHIP UMPIERRE-HERNANDEZ; UNITED STATES OF AMERICA; JOHN DOE<br><br>Defendants | CIVIL 15-1502CCC |

**OPINION AND ORDER**

Before the Court is Defendant Minerva Umpierre-Vázquez's (as mortgagor) Motion to Dismiss Claim with Prejudice (**D.E. 8**), and Plaintiff Urban Financial of America, LLC's (as mortgagee) Response in Opposition (D.E. 12) The facts giving rise to the dismissal motion are as follows:

On April 29, 2015, Plaintiff filed its complaint (D.E. 1), together with copies of the note and mortgage deed. Plaintiff avers that, pursuant to the terms of the mortgage, it retains the right to declare the whole outstanding balance of the debt due as a result of defendants' failure to keep homeowner's insurance. The United States is named a party in this action pursuant to 28 U.S.C. § 2410, which provides:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter
>
> . . .
>
> (2) to foreclose a mortgage or other lien upon[]

CIVIL 15-1502CCC                            2

. . .

>   real or personal property to which the United States has or claims a mortgage or other lien.
>
>   At paragraph 17, Plaintiff's complaint notes that
>
>   [d]efendant, United States of America, may claim or have some interest in or lien or claim upon the property by virtue of a second mortgage Recorded on August 24, 2012, in the Registry of Property of Puerto Rico, Section I of Bayamon at page 72, volume 1902 of Bayamon Sur, but any interest is junior, inferior and subordinate to the interest of the Plaintiff.

(D.E. 1).

Defendants move to dismiss, invoking the regulatory framework of the Housing and Urban Development ("HUD") Home Equity Conversion Mortgage Program ("HECM Program") (the program under which the second mortgage was issued). At page 6 of their motion, defendants argue that

>   [p]laintiff had the option of making the property charge for homeowner's insurance payment on behalf of the borrowers of approximately five hundred dollars ($500) per year, and then recover these funds with interest after the borrowers/defendants die or sell their property. That is the purpose of the second mortgage, to have a collateral for any potential disbursements made by the lender for property charges that are meant to protect the property, like homeowners insurance.

(D.E. 8, p. 6).

In its opposition, plaintiff alleges that this Court should deny the request to dismiss the claim because the note and mortgage agreement specifically state that failure to pay homeowners insurance is grounds for acceleration of the debt. (D.E. 12, ¶ 7). Plaintiff also mentions in passing that it obtained authorization from the Department of Housing and Urban development before filing its complaint.

CIVIL 15-1502CCC                3

I.    **Pleading Standard for Subject Matter Jurisdiction**

Under Rule 12(b)(6), "a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted." *Benítez-Navarro v. González-Aponte*, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). "In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege 'a plausible entitlement to relief'." *Martínez-Díaz v. Doe*, 683 F. Supp. 2d 171, 173 (D.P.R. 2010). When ruling on a motion to dismiss the "court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the Plaintiff's favor." *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008). Although "*Twombly* does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible'." *Quirós v. Muñoz*, 670 F. Supp. 2d 130, 131 (D.P.R. 2009). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level'." *Maldonado-Concepción v. Puerto Rico*, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), the Supreme Court upheld *Twombly* and declared two guiding principles assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct.

CIVIL 15-1502CCC                        4

at 1949.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.  "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*., at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*., at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief'." *Id*.  "Furthermore, such inferences must be at least as plausible as any 'obvious alternative explanation'." *Martínez-Díaz v. Doe*, 683 F. Supp. 2d at 174 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. at 1950-51).  At the pleading stage a plaintiff must allege "sufficient facts to 'provide fair notice to defendant and state a facially plausible legal claim.'"  *García Catalán v. United States of America*, 734 F.3d 100 (2013), quoting from *Ocasio Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

**II.     Analysis**

The subject mortgage is a reverse mortgage that is insured by the Department of Housing and Urban Development under its Home Equity Conversion Program for seniors.

Paragraph 17 of Plaintiff's complaint acknowledges this second mortgage: "United States of America[] may claim or have some interest in or lien or claim upon the property by virtue of a second mortgage . . ." (D.E. 1,

CIVIL 15-1502CCC                              5

p. 3).  Paragraph 13 of the First Mortgage Deed securing the first mortgage loan acknowledges the second mortgage, which exists as security for HUD to insure the first mortgage.  That paragraph provides that

> in order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to "Section Two Fifty Five (i)(1)(A) [225(i)(1)(A)] of the 'National Housing Act' and the Loan Agreement, the Secretary has required Borrower to execute a second note and a second mortgage on the property.

(D.E. 1, Ex. 2, Pg. 10).[1]

Section Two of the uniform covenants in the mortgage deed is entitled "Payment of Property Charges." That section provides,

> Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the loan agreement.

D.E. 1, Ex. 2, p. 4).

Section Three of the Uniform Covenants in the First Mortgage Deed, entitled "Fire, Flood and other Hazard Insurance," provides that "[b]orrower shall insure all improvements on the property" and that "this insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development."  (D.E. 1, Ex. 2, p. 4).

Section Nine of the Uniform Covenants in the First Mortgage Deed is entitled "Grounds for Payment and Acceleration of Debt."  It explains when plaintiff is permitted to foreclose on defendant, and what procedures it must follow. Subsection 9(b)(iii) provides  that "Lender may require immediate payment in full of all sums secured by this security instrument, *upon approval by an authorized representative of the Secretary* [of HUD], if . . . [a]n obligation

---

[1] The Court notes that the mortgage deed has a typo. Section 255(i)(1)(A) of the National Housing Act (12 U.S.C.A. § 1715z-20, hereinafter) is the appropriate section of that Act.

CIVIL 15-1502CCC                    6

of the Borrower under the first mortgage is not performed." (D.E. 1, Exhibit 2, p. 7) (emphasis added).  The Court notes that defendants' alleged failure to pay homeowner's insurance is grounds for acceleration under the language of the mortgage deed.

Also relevant in Section Nine is Subsection 9(c), which provides that

> [l]ender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph Nine (a)(ii) and (b). Lender shall not have the right to commence foreclosure until Borrower had thirty (30) days after notice to either:
>
> (i)   Correct the matter which resulted in the security instrument coming due and payable; or
>
> (ii)  Pay the balance in full; or
>
> (iii) Sell the property for the lesser of the balance or ninety five percent (95%) of the appraised value and apply the net proceeds of the sale toward the balance; or
>
> (iv)  Provide the lender with a deed in lieu of foreclosure.

(D.E. 1, Ex. 2, p. 7).

In sum, before commencing an action to foreclose on defendants, plaintiff is required (1) to seek and obtain authorization from the Secretary of HUD, and (2) to notify the Secretary of HUD and defendants with at least thirty days of anticipation so that defendants may cure the breach.

Plaintiff has not alleged facts sufficient to 'raise a right to relief above the speculative level'." *Maldonado-Concepción v. Puerto Rico*, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).  Paragraph 14 of plaintiff's complaint contains the following generic and conclusory statement:  "All conditions precedent to the maintenance of this action have been performed, excused, waived, or have otherwise occurred." (D.E. 1, ¶ 14).  It does not contain any allegations or exhibits that even hint that plaintiff has complied with the notice and authorization requirements in the First Mortgage Deed.

CIVIL 15-1502CCC                                    7

Additionally, plaintiff's complaint is deficient because plaintiff states that defendants "fail[ed] to keep homeowner's insurance" (D.E. 1, ¶ 14), but fails to specify for what period(s) or which amount.

Plaintiff's allegation in opposition that it "obtained the Department of Housing and Urban Developments [sic] authorization before filing the instant complaint" (D.E. 12, ¶ 10), does nothing to cure the deficiencies in its complaint. Furthermore, it is well-established that a party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (court may not look to additional facts alleged in opposition to motion to dismiss when deciding 12(b)(6) motion); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (plaintiff may not present new allegations in response to dispositive motion); *Scholastic, Inc. v. Stouffer*, 124 F. Supp. 2d 836, 851 n. 16 (S.D.N.Y. 2000) (parties may not assert new facts in submissions on motion to dismiss); *Davis v. Cole*, 999 F. Supp. 809, 813 (E.D. Va. 1998) (court may not rely on additional allegations in response to motion to dismiss); *In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 79 (D. Conn. 1994) (plaintiff may not rely on new allegations introduced in response to motion to dismiss).

Simply put, plaintiff's complaint does not sufficiently allege, nor do its exhibits support, compliance with the express notice and authorization requirements of the First Mortgage Deed. Similarly, plaintiff's complaint fails to sufficiently specify the grounds on which plaintiff seeks to initiate foreclosure.

CIVIL 15-1502CCC	8

### III.   Conclusion

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. As they read at this moment, plaintiff's pleadings do not allege sufficient facts to raise its possible claim to a plausible claim for relief. Defendants' Motion to Dismiss (**D.E. 8**) is GRANTED, without prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on March 10, 2016.

S/CARMEN CONSUELO CEREZO
United States District Judge